**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **NOVOCRYPT LLC,**<br><br>            **Plaintiff,**<br><br>    **v.**<br><br>**KYOCERA COMMUNICATIONS, INC.,**<br><br>            **Defendant.** | **Civil Action No. 5:16-cv-**<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Novocrypt LLC, by and through its undersigned counsel, files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

**THE PARTIES**

1.      Plaintiff Novocrypt LLC is a Texas limited liability company with a principal office at 3401 Custer Road, Suite 125-A, Plano, TX 75023.

2.      Defendant Kyocera Communications, Inc. is a Delaware corporation with a principal office at 9520 Towne Centre Drive, San Diego, California 92121.  Defendant may be served with process through Corporation Service Company d/b/a CSC-Lawyers Inco at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**JURISDICTION AND VENUE**

3.      This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.      Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries, (ii) at least a portion of the alleged patent infringements occurred in this Judicial

District; and (iii) Defendant regularly does or solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## THE PATENT-IN-SUIT

7.      On June 22, 2010, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,743,213 ("the 213 patent"), entitled "Portable Storage Device With Network Function."  A true and accurate copy of the 213 patent is attached at Exhibit A.

8.      Plaintiff is the owner and assignee of all right, title, and interest in and to the 213 patent, including the right to assert all causes of action arising under the patent and the right to sue for any and all past and future remedies for infringement of the patent.

## THE ACCUSED PRODUCT(S)

9.      Defendant makes, uses, sells, offers for sale, or imports one or more products that infringe one or more claims of the 213 patent.

10.      Defendant's Accused Product(s) is at least its Kyocera Hydro Elite.

## COUNT I
## DIRECT AND INDUCED INFRINGEMENT OF U.S. PATENT NO. 6,310,864

11.      Plaintiff incorporates by reference each of its foregoing allegations.

12.      Without license or authorization and in violation of 35 U.S.C. §§ 271(a), Defendant directly infringes one or more claims of the 213 patent in this District and throughout the United States, literally or under the doctrine of equivalents.

13.      Defendant directly infringes at least claim 1 of the 213 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, offering for sale, selling, or importing within this District and the United States its Accused Product(s), which under claim 1 of the 213 patent provide(s) a portable storage device (the Accused Prodcut(s)) with network function, comprising:

an interface unit (e.g., USB port) for coupling to an electronic apparatus (e.g., a

computer);

a network unit (e.g., a wi-fi unit) located within the portable storage device for linking

with a remote network host (e.g., cloud storage);

a memory unit (e.g., internal memory) located within the portable storage device

providing access of data and temporarily storing data received from the electronic

apparatus; and

a processing unit located within the portable storage device that receives instructions

from the electronic apparatus for controlling access of data between the memory

unit and the electronic apparatus with data transmission via the interface unit, and

access of data between the memory unit and a remote network host (e.g., cloud

storage) with data transmission via the network unit, wherein data is directly

stored on the remote network host;

wherein the portable storage device with network function is removably coupled to said

electronic apparatus, expanding storage capacity of the electronic apparatus.

14.     Claim 1 is understandable to one of ordinary skill and the art, and one of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product(s) infringe claim 1 upon a plain reading of this Complaint, the 213 patent, and claim 1.

15.     Plaintiff reserves the right to modify its infringement theory as discovery progresses in this case, and it does not intend to be estopped for claim construction purposes by its preliminary infringement analysis as provided in this Complaint.  Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

16.     Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product(s) directly infringe one or more claims of the 213 patent.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A.      Judgment that Defendant has infringed the 213 patent under 35 U.S.C. § 271(a);

B.      An accounting of all infringing acts including, but not limited to, those acts not presented at trial.

C.      An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D.      Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E.      Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

 Plaintiff demands a trial by jury on all claims and issues so triable.


Dated: August 22, 2016                    Respectfully submitted,


_____

Peter J. Corcoran, III
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

*Counsel for Plaintiff*
*Novocrypt LLC*